IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ANTHONY GASTON HARRELL, III,

    Plaintiff,

v.                                     CASE NO. 1:21-cv-146-AW-GRJ

SEC'Y, VETERANS AFFAIRS,

    Defendant.
_____/

## ORDER AND AMENDED REPORT AND RECOMMENDATION

After the undesigned issued its Order and Report and Recommendation in this case, ECF Nos. 12, 13, *pro se in forma pauperis* Plaintiff filed an Amended Complaint, ECF No. 16, presumably in response to the Court's Show Cause Order, ECF No. 4.[1] Plaintiff's allegations in the Amended Complaint do not relate to the claims he first asserted against the U.S. Department of Veterans Affairs. *See* ECF No. 1. The new claims, instead, relate to events that transpired at the Hillsborough County jail. Plaintiff's petition for a writ of habeas corpus arising from the same Hillsborough County claims, was recently transferred from this District to the Middle District of Florida, where it was dismissed. *Anthony Gaston*

---

[1] Plaintiff also filed a Second Amended IFP Motion which is due to be denied as moot. The Court previously granted the motion. ECF No. 12.

*Harrell v. Sec'y of Corr.* (Hillsborough County), Case No. 8:21cv01989 (M.D. Fla.), ECF Nos. 7,13.  Because Plaintiff states in the amended complaint that he has brought multiple *pro se* lawsuits in Hillsborough County on the same claims asserted here, the undersigned finds that the interest of justice is not served by transferring this case to the Middle District.  *See* ECF No.16 at 6.  The undersigned also finds that it would be futile to give Plaintiff leave to amend a second time, because he is not presently able to do so given his severe mental impairment.

Accordingly, the Court amends its Report and Recommendation to **RECOMMEND** that Plaintiff's Amended Complaint, ECF No. 16, and his case be **DISMISSED without prejudice**.

## I.   BACKGROUND

Plaintiff is presently involuntarily committed at the North Florida Evaluation and Treatment Center in Gainesville, Florida, having been adjudged incompetent to proceed on felony charges pending against him in Hillsborough County.  *See* Case No. 20-CF-009382 (Hillsborough Cty., Fla., Order dated Apr. 1, 2021).  He is, therefore, a "prisoner" under the Prison Litigation Reform Act ("PLRA"). The PLRA defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of

criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

In view of Plaintiff's present mental state, it is no surprise that his Amended Complaint is not discernable (as was the case with his original complaint). Initially, the Court supposed that Plaintiff intended to bring a claim against the U.S. Department of Veterans' Affairs ("VA") and a VA doctor who treated him under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). ECF No. 1 at 3. The Court also saw references to "Section 1983" and "*Bivens*" scribbled in the margins of the Complaint, *id.*, so it surmised that Plaintiff intended to bring some sort of civil rights claim.

The Court thus provided Plaintiff with detailed instructions about how to cure the deficiencies in the Complaint. ECF No. 4. The Court informed Plaintiff as to the elements for FTCA and Section 1983 causes of action and alerted him to the FTCA's exhaustion requirement. Plaintiff was given a deadline of October 15, 2021 to amend his pleading, and the Court supplied him with the proper complaint form to use. Finally, the Court warned Plaintiff that it cannot proceed until the deficiencies were cured and that failure to cure would result in a recommendation that his cause be dismissed. *Id*.

Even though Plaintiff has now filed an amended complaint on the appropriate civil rights form, he did not do so by the court-imposed deadline.  Plaintiff also does not allege facts sufficient to state a claim for relief, despite having been given detailed instructions on how to pursue a Section 1983 claim.  *See* ECF No. 4.

Upon screening, the Court finds that Plaintiff's Amended Complaint makes only bare allegations of excessive force.  ECF No. 16.  For a pretrial detainee to establish an excessive force claim under the Eighth Amendment, he must allege that the force used was objectively unreasonable in light of the circumstances at the time.  *Kingsley v. Hendrickson*, 576 U.S. 389, 135 S.Ct. 2466, 192 L.Ed.2d 416 (2015).  Here, Plaintiff does not make any allegation that his alleged injuries were the result of forced exerted on him by Defendants, nor does he allege the circumstances under which the alleged force was used.  And, even if Plaintiff stated an excessive force claim, the conduct complained-of occurred in Hillsborough County, within the Middle District, so venue is improper in this Court.

Under the Prison Litigation Reform Act ("PLRA"), the district court "shall dismiss the complaint" "if the complaint … is frivolous, malicious, or fails to state a claim upon which relief may be granted." PLRA, 28 U.S.C. §

1915A.  To state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must demonstrate that (1) the defendant(s) deprived plaintiff of a right secured under the Constitution or federal law, and (2) that such a deprivation occurred under color of state law. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (quoting *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998)).  *Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'  *Estelle v. Gamble*, 429 U.S. 97, 106 (1979) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).  To determine whether a complaint fails to state a claim upon which relief can be granted, the court must engage in a two-step inquiry. First, the court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 129 S.Ct. 1955, 167 L.Ed.2d 929 (2007). These include legal conclusions and "formulaic recitation of the elements of a cause of action will not do." *Id*.

     Second, a well-pleaded complaint under Fed. R. Civ. P. 8(a) must contain sufficient factual allegations to cross "the line between possibility and plausibility." *Twombly*, 550 U.S. at 557. Although all allegations are

5

accepted as true, only a plausible claim for relief can conform with Fed. R. Civ. P. 8(a). *Guthrie v. United States Government*, 618 F. App'x 612, 617 (11th Cir. 2015). A plaintiff's failure to communicate his claim in conformity with Fed. R. Civ. P. 8(a), or to file what may be tantamount to a nonsensical or fanciful manifesto, will provide grounds for dismissal*. See Brinson v. Welsh*, 709 F. App'x 582, 584-85 (11th Cir. 2017) (upholding dismissal for failure to comply with Fed. R. Civ. P. 8(a)); *Guthrie*, 618 F. App'x at 617(upholding dismissal for frivolity and explaining a complaint is well-pleaded even if the facts are improbable. "However, improbability tips into frivolity where the 'allegations ... are sufficiently fantastic to defy reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-69, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

In this case, the Court warned Plaintiff that if he failed to amend his complaint by the deadline in compliance with the Court's instructions, it would be recommended that his cause be dismissed without further notice. ECF No. 4.  Plaintiff's amended complaint was not only filed after the court-imposed deadline, but it fails to comply with the Court's clear directives. The Court further concludes that giving Plaintiff the opportunity to amend a

second time would be futile in view of his severe mental impairment at this time. *See, e.g., Spaulding v. Poitier*, 548 F. App'x 587, 594 (11th Cir. 2013) (upholding denial of leave to amend complaint because such an amendment would have been futile).

In sum, dismissal of this case is mandatory. PLRA, 28 U.S.C. § 1915A(b); *Jones v. Bock*, 549 U.S 199 (2007).

Accordingly, it is **ORDERED** that Plaintiff's Second Amended IFP Motion, ECF No. 15, is **DENIED** as moot.

It is further respectfully **RECOMMENDED** that Plaintiff's Amended Complaint, ECF No. 16, should be **DISMISSED without prejudice**.

**IN CHAMBERS** in Gainesville, Florida this 2nd day of November 2021.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.